**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MICHAEL SHAW,**

                                          **Plaintiff,**                        08-CV-0504A(Sr)

**v.**

**CREDITORS FINANCIAL GROUP,**

                                            **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6.

Currently before the Court is a motion to dismiss plaintiff's complaint for failure to prosecute (Dkt. #21), and a cross-motion to withdraw as counsel for plaintiff. Dkt. #23. For the following reasons, the motion to withdraw as counsel is granted and it is recommended that the motion to dismiss for failure to prosecute be granted.

## BACKGROUND

Plaintiff, represented by counsel, commenced this action on July 8, 2008, alleging discrimination by his employer on account of his age, gender and race. Dkt. #1. A Case Management Order was entered on September 25, 2008. Dkt. #10.

Following counsel's second request to extend the Case Management Order, the Court discerned that discovery had not proceeded because plaintiff's counsel had been

unable to contact his client to obtain responses to defendant's interrogatories or to schedule depositions. Dkt. #21-2, p.6. As a result, the Court directed plaintiff to appear at a status conference on November 16, 2009 and warned plaintiff that his failure to appear could result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b). Dkt. #19. Plaintiff's counsel was directed to mail a copy of the Court's Order to the plaintiff at his last known address via certified mail, return receipt requested. Dkt. #19. Plaintiff failed to appear as directed. Dkt. #20.

Plaintiff's counsel affirms that despite repeated efforts, including telephone calls, multiple letters which were not returned by the United States Postal Service, a certified mail return receipt signed by plaintiff and a personal visit to plaintiff's last known residence, plaintiff's counsel has had no communication with his client since November 10, 2008. Dkt. #24, ¶ 4.

## DISCUSSION AND ANALYSIS

**Withdrawal of Plaintiff's Counsel**

Rule 83.2(b) of the Western District of New York Rules of Civil Procedure provide that:

> An attorney who has appeared as attorney of record for a party may withdraw by permission of the Court for good cause shown, but withdrawal shall be effective only upon order of the Court entered after service of notice of withdrawal on all counsel of record and on the attorney's client, or upon stipulation endorsed by all counsel of record and signed by the Clerk in accordance with Local Rule of Civil Procedure 77.2. An attorney is not required to disclose to other counsel the reason(s) for withdrawal.

Plaintiff's counsel has established service of his motion to withdrawal as counsel upon

opposing counsel by CM/ECF and upon plaintiff by regular mail, as required by Local Rule 83.2(b). Dkt. #24-2.

"In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Whiting v. Lacara*, 187 F.3d 317, 320 -321 (2d Cir. 1999), *quoting Brown v. National Survival Games, Inc*., No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov.18, 1994). "When a court denies an attorney leave to withdraw it is usually because the client's rights will be prejudiced by the delay necessitated in obtaining replacement counsel or because the court's trial calendar will be adversely affected." *Welch v. Niagara Falls Gazette*, No. 98-CV-685, 2000 WL 1737947, *3 (W.D.N.Y. Nov. 17, 2000). The decision to grant or deny a motion to withdraw as counsel is committed to the discretion of the district court. *Whiting*, 187 F.3d at 320.

As plaintiff's counsel has affirmed that his client has failed to communicate with him despite counsel's repeated attempts to contact his client and because any disruption in the prosecution of this case or prejudice arising from the withdrawal of counsel is the result of plaintiff's refusal to communicate with his attorney and participate in the prosecution of his claims, plaintiff's counsel's cross-motion (Dkt. #24), to withdraw as counsel of record in this action is granted.

**Dismissal for Failure to Prosecute**

Rule 41(b) of the Federal Rules of Civil Procedure provides that

If the plaintiff fails to prosecute or to comply with these rules or
a court order, a defendant may move to dismiss the action or

> any claim against it. Unless the dismissal order states
> otherwise, a dismissal under this subdivision . . . operates as
> an adjudication on the merits.

As dismissal for failure to prosecute is a harsh remedy, courts must consider whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to a fair day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

In the instant case, plaintiff's lack of communication with counsel and refusal to participate in the prosecution of this action has prevented completion of even the most rudimentary of discovery more than seventeen months after the filing of this action. As the allegations in plaintiff's complaint provide few details and relate to plaintiff's employment from October of 2004 through October of 2006, the continuing delay increases the probability that witnesses who have yet to be identified by plaintiff will have left defendant's employ or forgotten relevant details, thereby prejudicing the defense of this action.

The Court has afforded plaintiff every opportunity to prosecute his claim by extending the Case Management Order and directing plaintiff's presence at a conference to ascertain the status of this action. Dkt. #18 & 19. Plaintiff was warned that his failure to appear could result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b). Dkt. #19. Given plaintiff's failure to heed the clear direction of the Court and his continued failure to communicate with his attorney or the Court, the Court can conceive of

no lesser sanction than dismissal to effectively address plaintiff's failure to prosecute this action.

## CONCLUSION

For the foregoing reasons, it is recommended that the motion to dismiss plaintiff's complaint for failure to prosecute (Dkt. #21), be **GRANTED** and it is ordered that the cross-motion to withdraw as counsel for plaintiff (Dkt. #23), be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to counsel for the parties and to plaintiff Michael Shaw at 175 Hamilton Drive, Snyder, New York 14226.

**SO ORDERED.**

**DATED:** Buffalo, New York
March 3, 2010

      *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**